IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH MARTINEZ,

       Plaintiff,

vs.                                                                              CIV 15-1035 KBM/KK

MARK SANCHEZ *et al.*,

       Defendants.

# ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* following a Telephonic Status Conference to set a new date for the jury trial in this matter. At the conference scheduled for 10:30 this morning, August 19, 2016, Attorneys Juan Flores and Jaime Dawes appeared for Defendants, but neither of the attorneys of record for Plaintiff Martinez joined the telephonic conference. A review of the Court's docket indicates that both of Plaintiff's attorneys received electronic notice of the setting.

This is not the first time counsel for Plaintiff have failed to appear for a scheduled conference. After neither Mr. Robinson nor Mr. Juarez appeared at Judge Khalsa's Pre-Settlement Status Conference on June 30, 2016, she issued an Order to Show Cause in which she advised:

> The Court has discretionary authority under Federal Rule of Civil Procedure 16(f) to sanction a party for failing to comply with a court order. Fed. R. Civ. P. 16(f)(1)(C). "[T]here can be no doubt that subsection (f), added as part of the 1983 amendments to Rule 16, indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that [lawyers and parties] fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996) (quoting *In Matter of Sanction of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)). Further, the Court may assess sanctions under its inherent power where an attorney willfully disobeys a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).

*Doc. 28* at 1-2. Upon review of the Plaintiff's response to the Order to Show Cause, Judge Khalsa found that Plaintiff's counsel had "adequately addressed the Court's concerns" such that she was "persuaded that Plaintiff's counsel will not in future repeat the conduct that prompted its Order to Show Cause." *Doc. 31*. With that finding, and an admonishment to counsel, Judge Khalsa quashed her show cause order.

It appears that counsel for Plaintiff once again require yet another reminder that this Court takes most seriously its "duty to insure the expeditious and sound management of the preparation of cases for trial." *Olcott,* 76 F.3d at 1555.

Wherefore,

IT IS THEREFORE ORDERED that Plaintiff's counsel shall show cause, in a written response filed no later than August 26, 2016, why Plaintiff's counsel should not be sanctioned for noncompliance with the Court's August 3, 2016 Text-Entry Order setting a telephonic status conference and required to pay Defendants the reasonable expenses they incurred as a result of their counsel's attendance at that conference. Failure to comply with this order shall constitute an independent basis for sanctions.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE